**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3015-15T2

LOUISE DERUVO, f/k/a LOUISE
DEMEO,

    Plaintiff-Respondent,

v.

DANIEL DEMEO,

    Defendant-Appellant.

_____

Submitted May 23, 2017 — Decided June 15, 2017

Before Judges Koblitz and Rothstadt.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Hudson County,
Docket No. FM-09-881-10.

Paul N. Mirabelli, attorney for appellant.

Law Offices of Jef Henninger, attorneys for
respondent (Morgan Rice, on the brief).

PER CURIAM

    Defendant appeals from a February 12, 2016 post-judgment matrimonial order denying his application to require plaintiff to forfeit her interest in certain property because she failed to pay

him $2325.  The court required plaintiff to pay $2325 plus $4200 in counsel fees, but did not enforce the parties' settlement provision calling for forfeiture.  Because the Family Part is a court of equity, and we defer to the reasoned decisions of that court, we now affirm substantially for the reasons expressed by the motion judge in her oral opinion on the same date as she signed the order.

The parties were married in 2001 and divorced in 2010 incorporating a property settlement agreement that included the provision that after divorce plaintiff would obtain ownership of the parties' business, Quality Trans Parts, Inc., including the property where it was located.  Defendant received other properties and plaintiff agreed to pay him $200,000 in $6000 monthly payments. The parties continued to dispute equitable distribution post-judgment, until they finally entered into an April 27, 2015 consent order, requiring plaintiff to pay defendant $30,000 by May 15, 2015, $20,000 by July 20, 2015, and a final $30,000 by September 15, 2015.  The consent order included a provision requiring plaintiff to forfeit the property if she "misse[d] any of the above payments by more than 30 days."  The order also called for a $25 per diem penalty for defendant's failure to comply with the transfer of properties.  Plaintiff was to deduct this penalty from her payments.

Plaintiff unilaterally deducted $1422 for title insurance and $2325 in per diem penalties. After the lawyers discussed the issue, plaintiff paid the title insurance fee. An impasse occurred with regard to the $2325 per diem deduction.

The motion judge explained her decision, stating:

> the remedy here to actually forfeit, I believe, based on the monies that were paid, would be Draconian. I know that counsel has said this was their bargained for relief. The [c]ourt noticed . . . however, for purposes of the record . . . that there was substantial compliance and this issue of $2,000 plus dollars is what we're talking about.
>
> In the global scheme of things, the [c]ourt finds that it would be overkill to allow $77,000 plus of payments being made and then to forfeit all interest in the property because of what is considered a $2,300 plus dispute.
>
> I recognize that the terms of the contract do, indeed, call for forfeiture, but I also recognize that that remedy, given the situation here, is somewhat more than . . . fairness would dictate to be done and the [c]ourt is not going to have her forfeit the properties.

The court found plaintiff in violation of litigant's rights and ordered her to pay significant counsel fees of $4200.

"Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding," and the conclusions that flow logically from those findings of fact. Cesare v. Cesare,

3

154 <u>N.J.</u> 394, 413 (1998). The resolution of this protracted dispute over equitable distribution was resolved by the motion judge, who understood and evaluated the equities of the situation in light of the hostile feelings frequently engendered by post-judgment matrimonial litigation.

Plaintiff paid substantially what she owed to defendant. She was appropriately punished for her unreasonable position regarding a comparatively small amount of money by having to pay counsel fees, which were significantly higher than the sum she wrongly withheld.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3015-15T2